Wang v. Whitaker

BIA
Loprest, IJ
A205 817 404

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand nineteen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
             JON O. NEWMAN,
             SUSAN L. CARNEY,
                      *Circuit Judges.*

_____

YALAN WANG,

          *Petitioner*,

          v.                                            No. 17-1869
                                                        NAC

MATTHEW G. WHITAKER, ACTING UNITED
STATES ATTORNEY GENERAL,

          *Respondent*.

_____

For Petitioner:         JOSHUA BARDAVID, ESQ., New York, NY.

For Respondent:         CHAD A. READLER, Acting Assistant Attorney General, SONG PARK, Senior Litigation Counsel, KIMBERLY A. BURDGE, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the petition for review is **DENIED**.

Petitioner Yalan Wang, a native and citizen of the People's Republic of China, seeks review of a May 23, 2017, decision of the BIA affirming an August 26, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yalan Wang,* No. A205 817 404 (B.I.A. May 23, 2017), *aff'g* No. A205-817-404 (Immig. Ct. N.Y.C. Aug. 26, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We assess the IJ's decision as modified by the BIA, *i.e.*, minus the findings the BIA rejected. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence, affording "particular deference" to the IJ's credibility determinations. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004)). We must treat the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 165 (quoting 8 U.S.C. § 1252(b)(4)(B)). When adjudicating an asylum application, an IJ "may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement," and the consistency of any statements with the rest of the record, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Wang was not credible in claiming that family planning officials in China forced her to have an abortion. The agency

2

reasonably relied in part on Wang's demeanor, noting that she was evasive when testifying about whether she decided to come to the United States before or after her purportedly forced abortion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). That finding and the overall credibility determination are bolstered by Wang's inconsistent testimony regarding whether she sought to apply for a student visa before the abortion or only afterward. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

The agency also reasonably relied on Wang's evasive testimony when first asked whether she lied to U.S. consular officials in China and when asked about her ability to speak English during her interview with those officials. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi*, 430 F.3d 77, 81 n.1. Although the agency must take care not to "penalize an applicant for lying to escape a country where . . . she faces persecution," *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 134 (2d Cir. 2006), the IJ reasonably relied on Wang's evasive testimony before the IJ about her visa interview and her failure to timely and openly disclose her false statements at her immigration court hearing in the United States, *see* 8 U.S.C. § 1158(b)(1)(B)(iii).

Having questioned Wang's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. "An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably questioned whether Wang's abortion certificate denoted an involuntary abortion rather than a voluntary one, given U.S. State Department reports that such certificates are only issued after voluntary procedures. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007); *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). Further, even if those reports are outdated as Wang

suggests,[1] the 2012 report in the record of her case states that the Chinese government prohibits the use of force and punishes officials who use force in carrying out abortions. This newer report thus continues to support the implausibility of Wang's position that officials would issue such certificates for forced abortions. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility in applicant's story if the "finding is tethered to record evidence" or based on common sense). The IJ also reasonably declined to afford weight to the unsworn letter from Wang's ex-boyfriend in China. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to husband's letter because it was unsworn and from an interested witness).

Given the IJ's demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence and was dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

---

[1] More recent State Department reports have reaffirmed that abortion certificates are provided for voluntary, not involuntary, abortions in China. *See Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 490 (11th Cir. 2013) (discussing the 2007 China Profile of Asylum Claims and Country Conditions).